UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CASE NO. CR20-093 JCC |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) DETENTION ORDER |
| DELMER VELASQUEZ-LICONA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Offense charged:   Conspiracy to Distribute Controlled Substances; Distribution of Heroin, Possession of Heroin and Fentanyl with Intent to Distribute; Attempted Possession of Fentanyl with Intent to Distribute; Possession of Fentanyl with Intent to Distribute; Distribution of Fentanyl; Possession of Heroin with Intent to Distribute; Asset Forfeiture Allegations

Date of Detention Hearing:   August 12, 2020.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure

DETENTION ORDER
PAGE -1

the appearance of defendant as required and the safety of other persons and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

1.      Defendant has been charged with a drug offense, the maximum penalty of which is in excess of ten years.   There is therefore a rebuttable presumption against defendant as to both dangerousness and flight risk, under 18 U.S.C. § 3142(e).

2.      Defendant is a Honduran national with family ties to that country.   The AUSA proffers defendant's involvement in the alleged drug conspiracy as of long-standing duration and involving large drug quantities, alleging defendant continued to be involved even after being involved in a seizure of the drugs by law enforcement.   The government alleges defendant was in possession of false identification documents and that his Honduran passport has not been located.   The Court does not find defendant's proposed release plan appropriate.

3.      Taken as a whole, the record does not effectively rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

It is therefore ORDERED:

1. Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;
2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;
3. On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the

defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

4. The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United State Pretrial Services Officer.

DATED this 12th day of August, 2020.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge