The Honorable Ricardo S. Martinez

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>(1) DELMER VELASQUEZ-LICONA,<br>(2) RODRIGO ALVAREZ-QUINONEZ,<br>(3) JORGE CRUZ-HERNANDEZ,<br>(4) JUAN HERNANDEZ-HERNANDEZ,<br>(5) JOSE FERNANDO ESCOTO-FIALLOS,<br>(6) SAUL SUAREZ-MATA,<br>(7) JORGE ALBERTO RAMOS, and<br>(8) TARA SCOTT,<br><br>　　　　　　　Defendants. | NO.   CR20-093 RSM<br><br>ORDER |

The Court issues this order after holding a status conference with all parties on September 25, 2020, concerning the scheduling of a new trial date.

The Court held this hearing telephonically given the circumstances of the COVID-19 pandemic. Three defendants (Velasquez-Licona, Cruz-Hernandez, Escoto-Fiallos), are currently incarcerated at FDC Seatac and attended the hearing via telephone. Two defendants (Scott and Ramos) are out of custody and attended the hearing via telephone. Two defendants (Suarez-Mata and Hernandez-Hernandez) were released on an appearance bond,

subsequently taken into ICE custody, and did not attend the hearing, but were represented by counsel at the hearing. One defendant (Alvarez-Quinonez) is currently in-transit from other jurisdictions and did not attend the hearing, but was represented by counsel at the hearing.

Trial is currently scheduled for October 5, 2020. The respective position of counsel for the defendants regarding the continuation of the trial date is as follows:

Counsel Timothy Lohroff, representing Mr. Velasquez-Licona, indicated that Mr. Velasquez-Licona was in the process of obtaining new counsel and he would therefore take no position on a continuance. Counsel Lauren Wegener indicated that she had been approached by Mr. Velasquez-Licona and would likely be representing him but was not in a position to agree to a continuance. Counsel Terrence Kellogg, representing Alvarez-Quinonez, indicated that Mr. Alvarez-Quinonez was still being transported to this District, that he had had no contact with his client, and that he therefore took no position on the continuance. Counsel Jennifer Horowitz and Fatima Dilek, representing Mr. Cruz-Hernandez, indicated that they did not oppose a continuance and were prepared to waive speedy trial through October 15, 2021. Counsel Barry Flegenheimer, representing Mr. Hernandez-Hernandez, indicated that he did not oppose a continuance but that his client would not be signing a speedy trial waiver. Counsel Christopher Black and Sade Smith, representing Mr. Escoto-Fiallos, indicated that they did not oppose a continuance and were prepared to waive speedy trial to a date in March of 2021. Counsel Terry Kellogg, standing in for counsel Peter Camiel, representing Mr. Suarez-Mata, indicated that he did not oppose a continuance and would agree to waive speedy trial to a date in July of 2021. Counsel Phil Brennan, representing Mr. Ramos, indicated that he was requesting a continuance to prepare for trial and had filed a speedy trial waiver through October 31, 2021. Counsel Cathy Gormley, representing Ms. Scott, indicated that she did not oppose a continuance and was prepared to waive speedy trial to a date in September of 2021. No counsel indicated that they were prepared to proceed to trial as scheduled.

The government indicated that it did not oppose a continuance and was prepared to try the case on any date, up to and including September of 2021.

Order - 2
*U.S. v. Velasquez-Licona et al.,* CR20-093 RSM

Having considered the proposed requests for a continuance, any responses and objections, and all the files and records herein, the Court finds and rules as follows:

The facts supporting continuing the trial and excluding the consequent delay include the following: (a) the large number of defendants charged; (b) the large number of charged counts; (c) the number of related indictments and related defendants; (d) the nature of the prosecution, which includes wiretaps over multiple phone lines; (e) the significant sentences faced by all of the defendants as currently charged, (e) the volume of discovery which has resulted in the appointment of a discovery coordinator at the request of the defendants, and (g) the need for defense counsel to have an appropriate period to review discovery, consult with their clients, and prepare a defense. In this regard, the Court adopts the facts set forth in the Government's Status Memorandum (Dkt. 110), and which were not contested by any defendant.

Additional facts supporting continuing the trial and excluding the consequent delay include the following: (a) given the COVID-19 pandemic the Court is currently closed, no jury trials are being held, and it is unlikely it will be possible that a case of this size will be tried in the immediate future, (b) the difficulties that the COVID-19 pandemic has imposed on counsel in consulting with their clients, especially those who are incarcerated, and (c) the fact that the COVID-19 pandemic has delayed certain defendants from being transported to this District. In this regard, the Court adopts the facts set forth in in its General Orders, which are incorporated by this reference, issued since the inception of the pandemic.

THIS COURT FINDS, pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(i) and (ii) that this case is sufficiently unusual and complex, due the combination of the number of defendants and the nature of the prosecution, and that the COVID-19 pandemic will adversely impact the counsel's ability to effectively consult with their clients and prepare for trial, and that the COVID-19 pandemic will prevent the Court from holding a multi-defendant trial in the immediate future, such that it is unreasonable to expect adequate preparation by the parties for pretrial proceedings or for the trial itself by the current trial date, or for the immediate future.

Order - 3
*U.S. v. Velasquez-Licona et al.,* CR20-093 RSM

1    THE COURT THEREFORE FINDS that failure to grant the continuance in this case
2 would likely make the continuation of these related proceedings impossible and result in a
3 miscarriage of justice, because failing to continue this matter for a considerable period of
4 time would deny counsel for the parties the reasonable time necessary for effective
5 preparation, due to defense counsels' need for more time to review the considerable volume
6 of discovery and evidence produced, and still to be produced, and to consider possible
7 defenses and motions, taking into account the exercise of due diligence.
8    THE COURT FINDS, in light of these factors, that it is unlikely that the parties can
9 be reasonably ready to try this matter before September 13, 2021, at the earliest.
10    THIS COURT FINDS, pursuant to Title 18, United States Code, Section 3161(h)(6)
11 and (7), that this is a reasonable period of delay in that the majority of the defendants have
12 indicated they require more time to prepare for trial. The Court finds that given the
13 complexity of the case, the number of defendants, and the volume of discovery produced,
14 and still to be produced, that more time is, in fact, necessary.
15    THIS COURT FINDS, therefore, that pursuant to Title 18, United States Code,
16 Sections 3161(h)(6) and 3161(h)(7), the ends of justice will best be served by a continuance,
17 and that they outweigh the interests of the public and the defendants in a speedy trial. While
18 three defendants have indicated that they object to a lengthier continuance, even they admit
19 that some continuance is likely necessary and appropriate.
20    THIS COURT FURTHER FINDS that all of the additional time requested between
21 the current trial date of and the new trial date of September 13, 2021, is necessary to provide
22 counsel for the defendants the reasonable time necessary to prepare for trial.
23    THE COURT FURTHER FINDS that the objection[s] of Defendants Velasquez-
24 Licona, Alvarez-Quinonez, Suarez-Mata, and Escoto-Fiallos to a longer continuance are
25 hereby overruled. Defendants in these related cases are alleged to have conspired together.
26 All of the related cases arise out of a common investigation, including common wiretap
27 applications and a common search warrant application. It is well established that in multi-
28 defendant cases, a reasonable trial continuance as to any defendant tolls the Speedy Trial Act

period as to all joined co-defendants, even those who object to a trial continuance or who refuse to submit a waiver under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(6).

NOW, THEREFORE, IT IS HEREBY ORDERED that the trial date will be continued as to all Defendants until September 13, 2021 at 9:00 a.m.

IT IS HEREBY ORDERED that stipulating defendants shall file speedy trial waivers as soon as reasonable possible in light of the COVID-19 pandemic, to the extent they have not already done so.

IT IS FURTHER ORDERED that the time between this date and the new trial date is excluded in computing the time within which a trial must be held pursuant to Title 18, United States Code, Section 3161, et seq.

IT IS HEREBY ORDERED, that the parties are directed to confer and present a proposed pretrial motions deadline, and other related trial deadlines, as they deem appropriate, to the Court no later than November 13, 2020.

DATED this 30th day of September, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:
BRIAN T. MORAN
United States Attorney

*/s Stephen Hobbs*
STEPHEN HOBBS
BENJAMIN DIGGS
Assistant United States Attorneys