The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>(1) DELMER VELASQUEZ-LICONA, and<br>(2) RODRIGO ALVAREZ-QUINONEZ.<br><br>Defendants. | NO.   CR20-093 RSM<br><br>ORDER |

THIS MATTER comes before the Court on defendant Delmer Velasquez-Licona's motion to continue trial.  Dkt. 271.  The Court issues this Order after holding a status conference on January 6, 2022.  Present at the status conference were the counsel for the government, counsel for Delmer Velasquez-Licona, counsel for Rodrigo Alvarez-Quinonez, and defendant Rodrigo Alvarez-Quinonez.

Defendant Delmer Velasquez-Licona was not present at the hearing as his unit at the SeaTac Federal Detention Center was in lock-down due to a recent COVID outbreak. After hearing from Velasquez-Licona's attorney (Anna Tolin) that her client supported the motion to continue and was prepared to file a speedy trial waiver, after hearing Ms. Tolin's independent request for a continuance on the basis of her need for a reasonable period of time to prepare for trial, and after hearing defendant Rodrigo Alvarez-Quinonez's objection

to the continuance, the Court was satisfied that Velasquez-Licona's presence was not required at this hearing.

Trial is currently scheduled for January 18, 2022. Velasquez-Licona and Rodrigo Alvarez-Quinonez are the remaining individuals charged under this cause number who are pending trial.

This Court has previously found this case satisfies the criteria of being sufficiently unusual and complex under the Speedy Trial Act due to the number of individuals charged and the nature of the prosecution. Dkt. 114 p. 3.

On November 30, 2021, the Court held an *ex parte* hearing to consider the request of Velsquez-Licona for new counsel. After hearing from Velasquez-Licona and his prior attorney, the Court terminated representation and directed that new counsel be appointed to represent Velasquez Licona. Dkt. 230 & 231.

On December 2, 2021, counsel Anna Tolin was appointed to represent Velasquez-Licona. At the time of her appointment, Ms. Tolin was on vacation and returned to this jurisdiction in mid-December. To accommodate her vacation, the previously scheduled status conference was continued from December 16, 2021, to January 6, 2022.

Ms. Tolin now represents that because she was only recently appointed to this case, a continuance is necessary under the Speedy Trial Act to ensure she can effectively assist Velasquez-Licona. Ms. Tolin specifically represents that additional time is needed for counsel to review voluminous case discovery, consult with Velasquez-Licona and other parties/witnesses, complete necessary investigation to effectively advocate for Velasquez-Licona in ongoing plea negotiations with the government, and/or complete pretrial motions and adequately prepare for trial.

The government, although ready to proceed to trial, does not oppose Velasquez-Licona's request to continue the trial date given undersigned counsel's recent appointment to this complex case.

Through counsel, defendant Rodrigo Alvarez-Quinonez objected to the countenance of the trial date.

Having heard the argument and the representations of counsel, the Court hereby FINDS:

1. A failure to grant a continuance would likely result in a miscarriage of justice, as set forth in 18 U.S.C. § 3161(h)(7)(B)(i); and

2. Taking into account the exercise of due diligence, a failure to grant a continuance would deny counsel reasonable time necessary for effective preparation, due to counsel's need for more time to review the evidence, consider possible defenses, and gather evidence material to the defense, as set forth in 18 U.S.C. § 3161(h)(7)(B)(iv); and

3. The additional time requested is a reasonable period of delay, as counsel for Velasquez-Licona has requested more time to prepare for trial, to investigate the matter, to gather evidence material to the defense, and to consider possible defenses; and

4. The case is sufficiently complex that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the current trial schedule, as set forth in 18 U.S.C. § 3161(h)(7)(B)(ii); and

5. The ends of justice will best be served by a continuance, and the ends of justice outweigh the best interests of the public and the defendants in any speedier trial, as set forth in 18 U.S.C. § 3161(h)(7)(A); and

6. The additional time requested between the current trial date of January 18, 2022, and the new trial date is necessary to provide defense counsel reasonable time to prepare for trial considering counsel's schedule and all of the facts set forth herein.

THE COURT FURTHER FINDS that the objection of Defendant Alvarez-Quinonez to a continuance is hereby overruled. Defendants in these related cases are alleged to have conspired together. All of the related cases arise out of a common investigation, including common wiretap applications and a common search warrant application. The core of the allegations and events involving Velasquez-Licona and Alvarez-Quinonez involve the same evidence. It is well established that in multi-defendant cases, a reasonable trial continuance as to any defendant tolls the Speedy Trial Act period as to all joined co-defendants, even

those who object to a trial continuance or who refuse to submit a waiver under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(6).

THE COURT FINDS, in light of these factors, that it is unlikely that the parties can be reasonably ready to try this matter before May 16, 2022, at the earliest.

THIS COURT FINDS, pursuant to Title 18, United States Code, Section 3161(h)(6) and (7), that this is a reasonable period of delay to prepare for trial. The Court finds that given the complexity of the case and the volume of discovery produced, and the recent appointment of Ms. Tolin to represent Velasquez-Licona, that more time is, in fact, necessary.

THIS COURT FINDS, therefore, that pursuant to Title 18, United States Code, Sections 3161(h)(6) and 3161(h)(7), the ends of justice will best be served by a continuance, and that they outweigh the interests of the public and the defendants in a speedy trial.

THIS COURT FURTHER FINDS that all of the additional time requested between the current trial date of and the new trial date of May 16, 2022, is necessary to provide counsel for the defendant Velasquez-Licona the reasonable time necessary to prepare for trial.

NOW, THEREFORE, IT IS HEREBY ORDERED that the trial date will be continued as to all Defendants until May 16, 2022, at 9:00 a.m. Pre-trial motions are due by March 31, 2022.

IT IS HEREBY ORDERED that Delmer Velasquez-Licona shall file a speedy trial waiver as soon as reasonable possible in light of the COVID-19 pandemic.

//
//
//
//
//
//
//

IT IS FURTHER ORDERED that the time between this date and the new trial date is excluded in computing the time within which a trial must be held pursuant to Title 18, United States Code, Section 3161, et seq.

DATED this 11th day of January, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:
NICHOLAS W. BROWN
United States Attorney

/s Stephen Hobbs
STEPHEN HOBBS
BENJAMIN DIGGS
Assistant United States Attorneys

Order - 5
*U.S. v. Velasquez-Licona et al.,* CR20-093 RSM