UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>DELMER VELASQUEZ-LICONA,<br><br>Defendant. | CASE NO. CR20-93RSM<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE |

This matter comes before the Court on Defendant Delmer Velasquez-Licona's Motion for Sentence Reduction. Dkt. #439. Defendant moves for a two-point reduction pursuant to 18 U.S.C. 3582(c)(2) and Amendment 821, Part B, Subpart 1 (Zero Point Offender) to the Sentencing Guidelines. *Id.* at 1. The Court has reviewed responsive briefing from the Government, Dkt. #444. No reply brief was filed by the deadline set by the Court. *See* Dkt. #441.

In April 2022, Defendant pleaded guilty to the crime of Conspiracy to Distribute Controlled Substances. Dkt. #335. Defendant admitted to his role as a distributor working within a larger conspiracy to obtain and re-sell large quantities of fentanyl and heroin. Dkt. #337, ¶ 9. Specifically, Delmer Velasquez-Licona admitted conspiring with others to distribute 6,446.5 kilograms of converted drug weight; he admitted directing a co-defendant to make at least two drug deliveries; he admitted recruiting two codefendants to participate with him in an unlawful entry of an apartment belonging to someone who he was told had been "kidnapped" or "killed"

ORDER DENYING MOTION TO REDUCE SENTENCE – 1

by hitmen, to retrieve 1,500 grams of heroin from the apartment. *Id.* As part of the Plea Agreement, Defendant and the United States agreed that his conduct merited a two-level upward adjustment for his role as a leader or organizer, pursuant to USSG § 3B1.1(c). *Id.* at ¶ 10.b. The parties agreed to recommend a custodial sentence between 72 and 108 months. *Id.* at ¶ 12.

The Presentence Investigation Report calculated Defendant's Total Offense Level as 31, after full credit for acceptance of responsibility. Dkt. #418, ¶¶ 40-49. This calculation was based on the agreed drug weight and included the agreed upward adjustment for aggravated role based on admitted facts as stipulated in the Plea Agreement. *Id.* at ¶¶ 40, 43. The report calculated Defendant's applicable sentencing range as 108 to 135 months' imprisonment. *Id.* at ¶ 89.

At the sentencing hearing on December 9, 2022, this Court adopted the Sentencing Guidelines calculations as stated in the PSR without change. The Court then went well below the range and imposed a custodial sentence of 78 months. Dkt. #431 at 2. Defendant continues to serve this sentence, with a BOP projected release date in September 2025.

Pursuant to 18 U.S.C. § 3582(c)(2), a district court has authority to reduce a defendant's sentence under certain limited circumstances:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, including the amendment below, and has articulated the policy and proper procedure for implementing those amendments.

ORDER DENYING MOTION TO REDUCE SENTENCE – 2

In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added what now appears in Section 4A1.1(c), providing a two offense-level reduction for many offenders who present zero criminal history points. The new provision states:

> Adjustment for Certain Zero-Point Offenders
>
> (a) ADJUSTMENT.— If the defendant meets all of the following criteria:
>
> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;
>
> decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G. § 4C1.1. On August 24, 2023, the Commission decreed that this change applies retroactively.

The Court agrees with the Government that Delmer Velasquez-Licona does not qualify as a Zero Point Offender under the new provisions in § 4C1.1(a)(1)-(10) because he fails to meet all ten of the requisite criteria. *See* Dkt. #444 at 5–6. Specifically, he fails to meet the

ORDER DENYING MOTION TO REDUCE SENTENCE – 3

requirement: "(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." Defendant offers no responsive argument to this point. Because a defendant must meet all ten criteria, it is disqualifying that this Defendant admitted facts establishing his role as a leader and organizer of the drug trafficking scheme and stipulated to this aggravated role adjustment. Accordingly, Amendment 821's retroactive Zero Point Offender amendment does not reduce Ramirez's sentencing range, and his motion must be denied. The Court need not consider the § 3553(a) factors.

Having considered Defendant's Motion, the Government's Response, and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, Dkt. #439, is DENIED.

.

DATED this 18th day of March, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO REDUCE SENTENCE – 4